**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**


YESENIA YOSELIN RODRIGUEZ CERERO,

     Petitioner,

v.                                 No. 26-cv-0859-MIS-SCY

PAMELA BONDI, Attorney General of the
United States; MARKWAYNE MULLIN,
Secretary, U.S. Department of Homeland
Security; MARY DE ANDA-YBARRA, El
Paso Field Office Director, Immigration and
Customs Enforcement; TODD LYONS, Acting
Director of Immigration and Customs
Enforcement; and WARDEN, Otero County
Processing Center,

     Respondents.

<u>**ORDER DENYING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS
CORPUS**</u>

     **THIS MATTER** is before the Court on <u>pro se</u> Petitioner Yesenia Yoselin Rodriguez

Cerero's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed

March 23, 2026.  The federal Respondents filed an Amended Response on April 6, 2026.  ECF

No. 7.  Upon review of the Parties' submissions, the record, and the relevant law, the Court will

**DENY** the Petition without prejudice.

**I.     Background**

     Petitioner is an immigration detainee at the Otero County Processing Center in Chaparral,

New Mexico.  <u>See</u> Pet. at 1.  She is a native of Venezuela who entered the United States without

admission or parole on December 1, 2023, was detained upon entry, and was placed into removal

proceedings before the U.S. Immigration Court.  <u>See</u> Form I-213 Record of

Deportable/Inadmissible Alien, ECF No. 7-1.   On February 28, 2024, Petitioner was paroled into the United States.   See ICE Form I-830E, ECF No. 7-2.

On January 7, 2026, officers with U.S. Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations arrested Petitioner during a scheduled ICE appointment. Pet. at 1.   On February 26, 2026, an Immigration Judge denied Petitioner's asylum claim, denied withholding of removal under the INA, denied withholding of removal under the Convention Against Torture, and ordered that Petitioner be removed to Venezuela.   Order of the Immigration Judge ("Removal Order") at 1, 3, ECF No. 7-3.   Petitioner did not file an appeal with the Board of Immigration Appeals.   See https://acis.eoir.justice.gov/en/caseInformation (last visited Apr. 6, 2026) (reflecting that the Removal Order was issued February 26, 2026 and no appeal was filed).

On March 23, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, asking this Court to review her asylum claim.   ECF No. 1 at 7.

## II.   Discussion

Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States[.]"   28 U.S.C. § 2241(c)(3); see also Zadvydas v. Davis, 533 U.S. 678, 687 (2001).   Where, as here, the petitioner is subject to a final order of removal, detention is governed by Zadvydas, 533 U.S. at 682, and 8 U.S.C. § 1231.   The Government is expected to secure a noncitizen's removal within 90 days after issuing the removal order.   Zadvydas, 533 U.S. at 682; see also 8 U.S.C. § 1231(a)(1).   "[D]uring the 90-day removal period, … [the noncitizen] must be held in custody."   Zadvydas, 533 U.S. at 683 (citing 8 U.S.C. § 1231(a)(2)).   After that, the Government may continue detaining the noncitizen only for as long as is "reasonably necessary" to secure their removal.   Id. at 683, 689; see 8 U.S.C. § 1231(a)(6). The Supreme Court determined that a six-month detention period is presumptively reasonable.

Zadvydas, 533 U.S. at 701. "After this 6-month period, once the [petitioner] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut th[e] showing" that the custody is unconstitutional. Id.

Here, a final Removal Order was issued on February 26, 2026, ECF No. 7-3, and Petitioner is subject to detention during the 90-day removal period. See 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the" noncitizen). Even when the 90-day statutory removal period expires, Petitioner's detention is presumptively reasonable through August 26, 2026. See Zadvydas, 533 U.S. at 701. Therefore, even if the Court could construe the Petition as asserting a claim for prolonged detention or seeking release, the Court could not grant the relief. Petitioner is also not entitled to a bond hearing. See Gregorio v. Warden, Case No. 2:26-cv-00657-JLT-SKO, 2026 WL 810004, at *2 (E.D. Cal. Mar. 24, 2026) ("Petitioner is … not entitled to a bond hearing because during the 90-day removal period set forth in § 1231(a)(1)(A), his detention is mandatory"); Johnson v. Guzman Chavez, 594 U.S. 523, 526 (2021) ("We conclude that § 1231, not § 1226, governs the detention of aliens subject to … orders of removal, meaning those aliens are not entitled to a bond hearing").

Furthermore, the Court lacks jurisdiction to review the Immigration Judge's decision on Petitioner's asylum claim. Congress enacted 8 U.S.C. § 1252, known as the "zipper clause," to limit District Courts' jurisdiction over claims challenging removal orders. See Jennings v. Rodriguez, 583 U.S. 281, 316-17 (2018). Under the zipper clause, District Courts generally lack jurisdiction over "all questions of law and fact" that arise from a removal order, and "[n]either habeas corpus" nor "any other provision of law" can be used to avoid § 1252(b)(9)'s jurisdictional bar. Id. at 317.

Because the Court cannot grant Petitioner relief at this time, the Court will deny the Petition without prejudice.  Petitioner may file a new habeas petition under Zadvydas if her detention extends beyond the presumptively reasonable six-month period (i.e., after August 26, 2026) or if her detention otherwise becomes unlawful.

**III.    Conclusion**

Therefore, it is **HEREBY ORDERED** that Petitioner Yesenia Yoselin Rodriguez Cerero's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1, is **DENIED WITHOUT PREJUDICE**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE